**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **Michael Short,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 1:20-cv-2311** |
| | ) | |
| **Impact Receivables Management, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | _____ |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Michael Short, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Impact Receivables Management, LLC (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 11104 W. Airport Blvd., Suite 199, Stafford, TX, 77477.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

17. The Defendant is a debt collection agency attempting to collect alleged debts from Plaintiff.

18. The Plaintiff incurred debts that were primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debts owed by Plaintiff went into default.

20. After the debts went into default the debts were placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the alleged debts.

22. The Plaintiff requested that the Defendant cease all further communication on the alleged debts.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Unfortunately, the Plaintiff, Michael Short, suffered financial difficulties and was not able to pay all of his financial obligations.

26. Specifically, Mr. Short was not able to pay his debt to Arborwood Apartments.

27. In July of 2019, Mr. Short's debt to Arborwood Apartments was assigned to the Defendant.

28. On September 21, 2019, Mr. Short filed a ch. 7 bankruptcy case under Case Number 19-07065-JMC-7 in the U.S. Bankruptcy Court for the Southern District of Indiana and included the debt to Arborwood Apartments in this bankruptcy case.  Arborwood Apartments received notice of the bankruptcy through the Bankruptcy Noticing Center. *See Exhibit "2" attached hereto.*

29. The aforementioned debt to Arborwood apartments was listed on Schedule F of Mr. Short's bankruptcy petition.  *See Exhibit "3" attached hereto.*

30. During its attempt to collect the debt at issue in this matter, the Defendant began reporting Mr. Short's former debt to Arborwood Apartments on Mr. Short's credit reports.

31. On December 24, 2019, Mr. Short received a discharge of his debts; accordingly, Mr. Short's debt to Arborwood Apartments was included in this discharge.

32. After Mr. Short received the discharge of his debts, the Defendant reported to the Equifax credit reporting agency that $2,832 was due to Arborwood Apartments as of July of 2020. *See Exhibit "4" attached hereto.*

33. While the tradeline mentions bankruptcy, the tradeline should show "account included in bankruptcy" and the amount due as of July of 2020 should be "$0.00".

34. Mr. Short's bankruptcy case is a matter of public record, is on Mr. Short's credit reports, is in the files of Defendant's client, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

35. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.  *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

36. On or about July 21, 2020, Mr. Short obtained and reviewed a copy of his Equifax credit report.  *See Exhibit "4" attached hereto.*

37. The Equifax credit report shows a balance due of $2,832 as of July of 2020.

38. The July 21, 2020, Equifax credit report shows that the Defendant was continuing to report the alleged debt Arborwood Apartments as a viable debt when, in fact, the former debt to Arborwood Apartments was included in Plaintiff's bankruptcy case and, therefore, is subject to the discharge injunction of the U.S. Bankruptcy Court. *See Exhibit "4" attached hereto*.

39. The Defendant's violation of the FDCPA is material because its continued failure to comply with the FDCPA would make the unsophisticated consumer believe that he did not have the rights that Congress had granted him under the FDCPA. Moreover, the erroneous tradeline is having a negative impact on Mr. Short's credit.

40. The Defendant was misrepresenting the legal status of the alleged debts to various credit reporting agencies which constitutes a violation of the FDCPA.

41. The Defendant is attempting to collect numerous alleged debts that it is legally enjoined from collecting which constitutes a violation of the FDCPA.

42. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).


### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 42 of the complaint are realleged and incorporated herewith by references.

3   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1.  A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.  Actual damages under 15 U.S.C. § 1692k(a)(1).

3.  Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 255-2905
john@johnsteinkampandassociates.com